UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DEAN C. THOMAS,

    Plaintiff,                      No. C 13-1226 PJH (PR)

  vs.                                        **ORDER DISMISSAL**

ELAINE TOOTELL, et. al.,

    Defendants.

                                 /

      Plaintiff, a state prisoner has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

**DISCUSSION**

**A.   Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff's original complaint alleged deliberate indifference to serious medical needs as plaintiff was allegedly denied pain medication.  The complaint was dismissed with leave to amend as plaintiff had failed to identify the specific actions of any defendant.  Plaintiff has filed an amended complaint with additional information.

Plaintiff states had been prescribed several medications for his back pain, such as morphine and neurontin, while at San Quentin State Prison.  Plaintiff states that in 2011 he learned that neurontin would no longer be prescribed so he stopped taking the neurontin over several weeks and began saving the pills.  It was discovered that plaintiff was not taking the medication and was instead saving it, so his pain medications were discontinued.  Plaintiff states he was not aware that failing to take his medication and saving or hoarding it was a violation of prison rules and could result in the discontinuance of his medications.

This is referred to as the pain medication contract that plaintiff states he was unaware of. Plaintiff was later asked to sign a pain medication contract, but he refused as there was no guarantee that his pain medication would be reinstated.

Despite the discontinuance of his regularly prescribed pain medication, plaintiff still received regular treatment and limited issuance of pain medication. Plaintiff requested a lower bunk chrono to aid with his lower bank pain, which was eventually granted, he also received steroid injections and physical therapy. It was recommended that plaintiff take a pain management course, which consisted of two weeks of bed rest, but plaintiff declined. Though, plaintiff later changed his mind and faults prison officials for failing to schedule it. Plaintiff was also given morphine for two separate weeks. Plaintiff requested a nerve conduction study, which was originally denied but later granted in March 2013, and surgery was recommended.

It is clear from plaintiff's amended complaint that he has been receiving regular medical treatment for his back pain. While the discontinuance of pain medication could result in an Eighth Amendment violation, plaintiff has failed to demonstrate a violation in this case. It is undisputed that plaintiff stopped taking pain medication and began saving it and then refused to later sign the pain medication contract.[1] It is also undisputed that plaintiff was provided physical therapy, the occasional issuance of morphine, steroid injections, a pain management course that he declined to take and a nerve conduction study. While it is somewhat unclear in the complaint, the attached exhibits indicate that plaintiff's narcotic pain medication was discontinued but his non-narcotic pain mediation such as naprosyn, along with all other medications, continued. Am. Compl. at 39, 41, 44.

All of this medical care that was provided to alleviate his pain, combined with his failing to take the pain mediation when provided or sign a pain medication contract, serves to show that the discontinuance of regularly provided narcotic pain medication fails to rise

---

[1] Even if plaintiff was unaware that failing to take his pain medication could result in it being discontinued, the fact that he stopped taking the medication undermines his claims of pain.

3

to a constitutional violation.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Based on the allegations set forth by plaintiff, he has failed to show that any defendants were deliberately indifferent to his serious medical needs. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plaintiff's allegations in light of the pain care he received including regular non-narcotic pain medication and his saving of pain medication rather than taking it demonstrate that his allegations do not contain sufficient facial plausibility to state a claim for relief.  Plaintiff's amended complaint will be dismissed and as plaintiff has already been provided a chance to amend and as he failed to cure the deficiencies of the complaint, this case is dismissed with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## CONCLUSION

The complaint will be **DISMISSED** and as plaintiff has already been provided a chance to amend and as he failed to cure the deficiencies of the complaint, the case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated:  August 20, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Thomas1226.dis.wpd

5